# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES M. GIBBONS, III,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:05CR901DAK |

      Defendant James M. Gibbons, III has filed a motion for early termination of his supervised release. Defendant was sentenced to twenty-four months incarceration to be followed by sixty months of supervised release. Defendant has been on supervised release since September 2008. Thus it is not scheduled to terminate until September 2013.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's motion states that he has performed well and been fully complied with the terms of his probation. The court contacted Defendant's probation officer, Anrico Delray. Officer Delray states that Defendant has performed well and has been compliant. However, Defendant was sentenced to pay $50,000 in restitution. Officer Delray stated that because of the sizeable restitution requirement he cannot support Defendant's request for an early termination of supervised release at this time. The court has similar concerns. The restitution is a significant amount and Defendant's term of supervised release was lengthy given the amount of money at issue. While the court does not want to diminish the significance of Defendant's compliance, the court believes that the nature of Defendant's offense and his restitution requirements justified a lengthy period of supervised release and continued supervision will help ensure that Defendant continues to make the required restitution payments. The court, therefore, concludes that Defendant's motion is premature at this time. The court, however, is willing to consider a similar motion at a later date if restitution has been paid. Defendant's current motion to terminate supervised release is DENIED.

DATED this 21st day of January, 2011.

_____
DALE A. KIMBALL
United States District Judge